UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Charles W. and Janette Walker

    v.                                    Civil No. 11-cv-382-JD

Segway Inc.


O R D E R

The Walkers filed a motion to compel; Segway filed its objection, and further responses were filed. All of these filings were made under seal. The order on the motion to compel was also filed under seal. The court then ordered the parties to show cause why their filings, along with the order addressing the motion, should not be unsealed. The parties have filed their responses.


Standard of Review

"The common law presumes a right of public access to judicial records." Siedle v. Putnam Invs., Inc., 147 F.3d 7, 9 (1st Cir. 1998); accord United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013). "Judicial records," in this context, "are those materials on which a court relies in determining the litigants' substantive rights." Kravetz, 706 F.3d at 54. A party seeking to seal judicial records must show compelling reasons for doing so. Id. at 59.

Because discovery disputes ordinarily do not result in the determination of the parties' substantive rights, those filings are not judicial records to which the presumption of public access attaches. Id. at 54. Nevertheless, once filed with the court, a showing of good cause is necessary to protect discovery motions and responses from disclosure. Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993); see also Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010); Mangosoft, Inc. v. Oracle Corp., 2005 WL 2203171, at *2 (D.N.H. Sept. 9, 2005). "Good cause" requires "making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal." Metroplex Path. Assoc. v. Horn, 2013 WL 22197, at *4 (D. Mass. Jan. 2, 2013) (citing Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc., 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)); see also Blum v. Merrill Lynch Pierce Fenner & Smith Inc., --- F.3d ---, 2013 WL 1458891, at *4 (9th Cir. Apr. 11, 2013); Rovner v. Keystone Human Servs. Corp., 2012 WL 1899654, at *2 (M.D. Pa. May 24, 2012).

Discussion

In response to the court's show cause order, the Walkers support unsealing the motion to compel, the responses, and the order granting the motion, while Segway asks that they remain

2

sealed. The Walkers contend that their motion to compel, the responsive filings, and the order do not include matters that were designated as confidential or protected under the parties' Stipulated Confidentiality Agreement and Protective Order. Segway contends that certain documents and deposition testimony are protected information under the Protective Order.

A.  Protective Order

The protective order states that some documents produced in discovery and some deposition testimony may "contain proprietary, competitively sensitive, confidential trade secret, or other confidential information." Doc. no. 11 at 1. Such documents and deposition testimony may be disclosed under the Protective Order. Not all documents and deposition testimony, however, are entitled to protection. Id.

The parties agreed to a procedure for protecting documents and deposition testimony that are disclosed under the Protective Order. Id. at 2. Under that procedure, documents stamped with the term "Confidential (or Highly Confidential) and Subject to Protective Order" are protected and entitled to confidential treatment as provided in the order. Portions of deposition testimony that refer to protected documents or other confidential information "shall be designated by page and line number,

following review of the deposition transcript[,] as being 'Confidential and Subject to Protective Order' ('Protected Testimony'), and shall be protected and be given confidential treatment as described below." Id. at 2, ¶ 1.

B.   Protected Documents and Deposition Testimony

Segway argues that information about prior incidents and complaints, parts of the depositions of Roxanne Lamonde and Jane Davison, the Walkers' expert's report, and Segway engineers' deposition testimony are all protected information under the terms of the Protective Order.  Segway contends that because the motion papers, the responses, and the order refer to those documents and deposition testimony they must be sealed.  The Walkers represent that none of the cited documents and deposition testimony was designated according to the procedure provided in the Protective Order.

The Protective Order states that its protection applies to documents and deposition testimony that are designated as confidential as provided in the Protective Order.  Segway does not contend that the documents and deposition testimony that it seeks to protect were designated as "Confidential" or "Protected Testimony" as provided in the Protective Order.  Segway also did not respond to the Walkers' assertion that the disputed documents

and testimony were not designated as confidential under the Protective Order.

Instead, Segway argues that the cited documents and deposition testimony should be protected under the Protective Order because if that information were disclosed, it "could harm Segway's competitiveness in its industry."  Segway's main concern appears to be disclosure of prior incidents, complaints, and service anomalies.  With respect to the Segway engineers' testimony, Segway also mentions information about "control algorithms, principles of operation, and fault logs" without any specificity as to what that information would disclose.

The Protective Order provides a procedure for protecting confidential information that apparently was not applied to the documents and testimony at issue here.  Even if it were appropriate for the court to apply the Protective Order when the required designations are missing, Segway has not provided sufficient specificity to support its request for protection.  Under these circumstances, Segway has not shown good cause to have the motion to compel, the responsive filings, and the order remain sealed.

<u>Conclusion</u>

For the foregoing reasons, documents numbered 16, 17, 21, 24, and 27 shall be unsealed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 15, 2013

cc: Ronald E. Cook, Esquire
Ralph Suozzo, Esquire
Mark Venardi, Esquire