UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles W. Walker and
Janette Walker

     v.                         Civil No. 11-cv-382-JD

Segway Inc.

O R D E R

Segway Inc. filed a motion for an extension of time and then filed a motion for partial reconsideration or clarification of the order granting the Walkers' motion to compel production of documents and asks for additional time to respond to the requests for production.  The Walkers object to Segway's motion for reconsideration.[1]

I.  Motion for an Extension of Time to File

Motions for reconsideration of interlocutory orders must be filed within fourteen days of the order.  See LR 7.2(e).  A party who does not file a motion within the time allowed must show cause for not doing so.  Id.  "Cause for not filing within fourteen (14) days from the date of the order includes newly

_____

[1]The Walkers object that the motion for reconsideration is untimely, because the court did not grant additional time to file the motion, but did not file a separate objection to the motion for an extension of time.

available material evidence and an intervening change in the
governing legal standard."   <u>Id.</u>

Segway contends that "newly available material evidence"
exists that justifies a late motion for reconsideration.
Specifically, counsel for Segway represents: "Segway has provided
[its own] counsel with significant new information regarding the
specific nature and volume of documents at issue, the potential
cost associated with producing them, and distinguishing aspects
of other lawsuits in which similar discovery disputes were
litigated."   Document no. 29, ¶ 2.

Segway is the defendant in this case.   Information known to
Segway during the entire discovery dispute cannot be "new" within
the meaning of Local Rule 7.2(e).   Counsel does not explain why
Segway was not consulted about the discovery requests until after
the order on the motion to compel issued.   Further, the
information provided by Segway to counsel is not "new" because,
for example, the materials from other lawsuits that Segway
provided are dated in 2006 and 2010.

Therefore, Segway has not provided good cause to justify an
untimely motion for reconsideration.   However, even if the motion
had been timely filed, it would not succeed.

II.  <u>Motion for Partial Reconsideration and Clarification</u>

In its motion for partial reconsideration or clarification,
Segway asks the court to modify the order issued on April 17,
2013, that granted the Walkers' motion to compel.  Segway asks
the court to limit Segway's duty to produce "to other incidents
that share at least some arguable similarity to Mr. Walker's
incident based upon a reasonable description of the incident to
be provided by plaintiffs' counsel."  Motion ¶ 4.  Segway "also
seeks clarification regarding the <u>types of documents</u> Segway is
required to produce," arguing that the Walkers' requests "are
extremely broad and responding to them as worded would be unduly
burdensome and expensive for Segway."  <u>Id.</u> ¶ 5.  Further, Segway
now argues, "[r]esponding to plaintiffs' requests as worded would
also result in disclosure of documents that are clearly work
product and attorney client privileged for reasons other than
that they were created or obtained by Segway's incident response
team."  <u>Id.</u> ¶ 6.

Reconsideration of a prior order is "an extraordinary remedy
which should be used sparingly."[2]  <u>Fabrica de Muebles J.J.
Alvarez, Inc. v. Inversiones Mendoza, Inc.</u>, 682 F.3d 6, 31 (1st

---

[2]Segway provides no standard or legal authority to support
its motion and does not attempt to show that the relief it seeks
is available.

3

Cir. 2012) (internal quotation marks omitted). In the context of
an interlocutory order, a party seeking reconsideration must
"demonstrate that the order was based on a manifest error of fact
or law . . . ." LR 7.2(e). "A motion for reconsideration does
not provide a vehicle for a party to undo its own procedural
failures, and it certainly does not allow a party to introduce
new evidence or advance arguments that could and should have been
presented [previously]." Fabrica de Muebles, 682 F.3d at 31
(internal quotation marks omitted).

A. Prior Incidents

Segway asks that the prior order be modified to limit
production of information about other incidents to those that the
plaintiffs can show are arguably similar to Mr. Walker's
accident. In its objection to the motion to compel, Segway
argued that it objected to providing documents and information
"solely to facilitate [the Walkers' expert's] irrelevant and
prejudicial hazard analysis/index." Obj. at 9. Segway also
argued that none of the other incidents was "substantially
similar" to Mr. Walker's incident and that differences in riders
and models made other incidents irrelevant. The court considered
Segway's arguments about relevance but concluded that the Walkers
had carried their burden.

4

"Unless otherwise limited by court order, . . . [p]arties
may obtain discovery regarding any nonprivileged matter that is
relevant to any party's claim or defense--including the
existence, description, nature, custody, condition, and location
of any documents or other tangible things . . . ." Fed. R. Civ.
P. 26(b)(1). "Relevant information need not be admissible at the
trial if the discovery appears reasonably calculated to lead to
the discovery of admissible evidence." Id.

The court concluded that the Walkers had shown that prior
incidents involving Segway HTs fell within the scope of
discoverable information. The court further concluded that
Segway had not shown that Segway HT models operated differently
in ways that would make them irrelevant to this case. The court
also concluded that although differing circumstances might
preclude the admissibility of evidence of some incidents at trial
that issue need not be resolved for purposes of discovery.

Segway has not shown that the court's decision was the
result of a manifest error of law or fact or that newly
discovered evidence supports a different conclusion. Instead,
Segway asserts objections, old and new, to producing some of the
information about other incidents. A motion for reconsideration
is not a means to rehash previous arguments that have been
considered and rejected or to introduce new arguments that could

5

or should have been made in the objection to the motion to
compel.  See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir.
2006).

Segway also represents that counsel for the Walkers is no
longer seeking all information about prior incidents.  In their
objection, counsel for the Walkers disputes Segway's
representation.  Counsel are free to reach agreements about
discovery but that is beyond the scope of a motion for
reconsideration.


B.  Types of Documents

Segway asks the court to limit its obligation to produce
documents that it asserts are protected by attorney-client and
work product privileges, that are voluminous and costly to
produce, and that are beyond the scope of discovery ordered in a
few of the other cases involving Segway.  The Walkers object on
the grounds that these matters were properly considered and
decided against Segway in the order granting the motion to compel
and that Segway cannot repeat its arguments or make new arguments
for purposes of reconsideration.

Segway did not raise attorney-client privilege in objecting
to the motion to compel and has not shown that attorney-client
privilege is a new issue that could not have been raised in its

objection.  The issue of work-product protection was addressed in
the prior order, and the court concluded that Segway failed to
carry its burden to show that the requested documents were
protected.  Segway does not suggest that the court's decision was
based on manifest error.

Instead, Segway makes new and more particularized arguments
in support of protection.  Those matters could have and should
have been raised in opposition to the Walkers' motion to compel.
A motion for reconsideration is not the place to make a new or
better effort to invoke attorney-client privilege and work
product protection.

Similarly, Segway's new arguments about the burdens of
producing voluminous documents related to other incidents are not
grounds for reconsideration.  As the Walkers note in their
objection to the motion for reconsideration, Segway has been
ordered to produce the same information in other cases.  Given
Segway's past production in other cases, the burden does not
appear to be excessive.

C.  Other Relief

Within the motion for reconsideration, Segway asserts that
it intends to redact documents to hide certain information and to
withhold other documents.  Segway has not filed a motion seeking

leave to take those actions and does not seek leave here.  No
permission or approval is given.  To the extent Segway acts in a
manner that is contrary to the order granting the motion to
compel, without prior leave to do so, it may be subject to
contempt proceedings.  See Fed. R. Civ. P. 37(b)(2).

Segway also seeks an additional sixty days to comply with
the April 17 order.  Segway's production was due thirty days from
April 17, on May 17.  An additional sixty days would move the
deadline to July 16, 2013.  The request for an additional sixty
days is granted.

Conclusion

For the foregoing reasons, the defendant's motion for an
extension of time (document no. 29) and for partial
reconsideration or clarification (document no. 35) are denied,
except that the deadline for production is extended to **July 16,
2013**.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 18, 2013

cc:  Ronald E. Cook, Esquire
     Ralph Suozzo, Esquire
     Mark Venardi, Esquire