UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles W. Walker and
Janette Walker

    v.                                    Civil No. 11-cv-382-JD

Segway Inc.

O R D E R

Segway Inc. filed a motion for an extension of time and then filed a motion for partial reconsideration or clarification of the order granting the Walkers' motion to compel production of documents and asks for additional time to respond to the requests for production.  The Walkers object to Segway's motion for reconsideration.[1]

I.  Motion for an Extension of Time to File

Motions for reconsideration of interlocutory orders must be filed within fourteen days of the order.  See LR 7.2(e).  A party who does not file a motion within the time allowed must show cause for not doing so.  Id.  "Cause for not filing within fourteen (14) days from the date of the order includes newly

---

[1] The Walkers object that the motion for reconsideration is untimely, because the court did not grant additional time to file the motion, but did not file a separate objection to the motion for an extension of time.

available material evidence and an intervening change in the governing legal standard." Id.

Segway contends that "newly available material evidence" exists that justifies a late motion for reconsideration. Specifically, counsel for Segway represents: "Segway has provided [its own] counsel with significant new information regarding the specific nature and volume of documents at issue, the potential cost associated with producing them, and distinguishing aspects of other lawsuits in which similar discovery disputes were litigated." Document no. 29, ¶ 2.

Segway is the defendant in this case. Information known to Segway during the entire discovery dispute cannot be "new" within the meaning of Local Rule 7.2(e). Counsel does not explain why Segway was not consulted about the discovery requests until after the order on the motion to compel issued. Further, the information provided by Segway to counsel is not "new" because, for example, the materials from other lawsuits that Segway provided are dated in 2006 and 2010.

Therefore, Segway has not provided good cause to justify an untimely motion for reconsideration. However, even if the motion had been timely filed, it would not succeed.

II.  Motion for Partial Reconsideration and Clarification

In its motion for partial reconsideration or clarification, Segway asks the court to modify the order issued on April 17, 2013, that granted the Walkers' motion to compel.  Segway asks the court to limit Segway's duty to produce "to other incidents that share at least some arguable similarity to Mr. Walker's incident based upon a reasonable description of the incident to be provided by plaintiffs' counsel."  Motion ¶ 4.  Segway "also seeks clarification regarding the types of documents Segway is required to produce," arguing that the Walkers' requests "are extremely broad and responding to them as worded would be unduly burdensome and expensive for Segway."  Id. ¶ 5.  Further, Segway now argues, "[r]esponding to plaintiffs' requests as worded would also result in disclosure of documents that are clearly work product and attorney client privileged for reasons other than that they were created or obtained by Segway's incident response team."  Id. ¶ 6.

Reconsideration of a prior order is "an extraordinary remedy which should be used sparingly."[2]  Fabrica de Muebles J.J. Alvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 6, 31 (1st

---

[2] Segway provides no standard or legal authority to support its motion and does not attempt to show that the relief it seeks is available.

Cir. 2012) (internal quotation marks omitted).  In the context of an interlocutory order, a party seeking reconsideration must "demonstrate that the order was based on a manifest error of fact or law . . . ."  LR 7.2(e).  "A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented [previously]."  Fabrica de Muebles, 682 F.3d at 31 (internal quotation marks omitted).

A.  Prior Incidents

   Segway asks that the prior order be modified to limit production of information about other incidents to those that the plaintiffs can show are arguably similar to Mr. Walker's accident.  In its objection to the motion to compel, Segway argued that it objected to providing documents and information "solely to facilitate [the Walkers' expert's] irrelevant and prejudicial hazard analysis/index."  Obj. at 9.  Segway also argued that none of the other incidents was "substantially similar" to Mr. Walker's incident and that differences in riders and models made other incidents irrelevant.  The court considered Segway's arguments about relevance but concluded that the Walkers had carried their burden.

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

The court concluded that the Walkers had shown that prior incidents involving Segway HTs fell within the scope of discoverable information.  The court further concluded that Segway had not shown that Segway HT models operated differently in ways that would make them irrelevant to this case.  The court also concluded that although differing circumstances might preclude the admissibility of evidence of some incidents at trial that issue need not be resolved for purposes of discovery.

Segway has not shown that the court's decision was the result of a manifest error of law or fact or that newly discovered evidence supports a different conclusion.  Instead, Segway asserts objections, old and new, to producing some of the information about other incidents.  A motion for reconsideration is not a means to rehash previous arguments that have been considered and rejected or to introduce new arguments that could

or should have been made in the objection to the motion to compel.  See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

    Segway also represents that counsel for the Walkers is no longer seeking all information about prior incidents.  In their objection, counsel for the Walkers disputes Segway's representation.  Counsel are free to reach agreements about discovery but that is beyond the scope of a motion for reconsideration.

B.  <u>Types of Documents</u>

    Segway asks the court to limit its obligation to produce documents that it asserts are protected by attorney-client and work product privileges, that are voluminous and costly to produce, and that are beyond the scope of discovery ordered in a few of the other cases involving Segway.  The Walkers object on the grounds that these matters were properly considered and decided against Segway in the order granting the motion to compel and that Segway cannot repeat its arguments or make new arguments for purposes of reconsideration.

    Segway did not raise attorney-client privilege in objecting to the motion to compel and has not shown that attorney-client privilege is a new issue that could not have been raised in its

6

objection.  The issue of work-product protection was addressed in the prior order, and the court concluded that Segway failed to carry its burden to show that the requested documents were protected.  Segway does not suggest that the court's decision was based on manifest error.

Instead, Segway makes new and more particularized arguments in support of protection.  Those matters could have and should have been raised in opposition to the Walkers' motion to compel.  A motion for reconsideration is not the place to make a new or better effort to invoke attorney-client privilege and work product protection.

Similarly, Segway's new arguments about the burdens of producing voluminous documents related to other incidents are not grounds for reconsideration.  As the Walkers note in their objection to the motion for reconsideration, Segway has been ordered to produce the same information in other cases.  Given Segway's past production in other cases, the burden does not appear to be excessive.

C.  <u>Other Relief</u>

Within the motion for reconsideration, Segway asserts that it intends to redact documents to hide certain information and to withhold other documents.  Segway has not filed a motion seeking

leave to take those actions and does not seek leave here.  No permission or approval is given.  To the extent Segway acts in a manner that is contrary to the order granting the motion to compel, without prior leave to do so, it may be subject to contempt proceedings.  See Fed. R. Civ. P. 37(b)(2).

Segway also seeks an additional sixty days to comply with the April 17 order.  Segway's production was due thirty days from April 17, on May 17.  An additional sixty days would move the deadline to July 16, 2013.  The request for an additional sixty days is granted.

## Conclusion

For the foregoing reasons, the defendant's motion for an extension of time (document no. 29) and for partial reconsideration or clarification (document no. 35) are denied, except that the deadline for production is extended to **July 16, 2013**.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 18, 2013

cc:   Ronald E. Cook, Esquire
      Ralph Suozzo, Esquire
      Mark Venardi, Esquire