UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles W. Walker
and Janette Walker

        v.                          Civil No. 11-cv-382-JD

Segway Inc.


O R D E R


        Charles W. Walker, Jr. and Janette Walker, who are husband
and wife, brought product liability claims against Segway Inc.
that arose from injuries Charles Walker sustained when he fell
while riding a Segway Human Transporter ("Segway HT").  The
Walkers moved to compel Segway to produce documents pertaining to
complaints, claims, accidents, and injuries ("incidents")
involving Segway HTs.  The court granted the motion to compel.
The Walkers have filed a motion for an award of attorneys' fees
and expenses incurred in filing and supporting the motion to
compel, and Segway objects.[1]

_____

        [1]The Walkers filed their motion (document no. 31) for
expenses under seal in deference to Segway's request with respect
to the motion to compel.  Since then, the court concluded that
the motion to compel, related filings, and the order granting the
motion should be unsealed.  The objection to the motion for
expenses and the reply were not filed under seal.  Therefore, the
motion for expenses (document no. 31) should be unsealed.

<u>Standard of Review</u>

If a motion to compel disclosure of documents in discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). Sanctions will not be imposed, however, if, among other things, the opposing party's position was "substantially justified."  <u>Id.</u>

<u>Discussion</u>

The Walkers move for an award of expenses in the amount of $23,360.00.[2]  Segway objects to the motion, contending that its position in opposing the Walkers' discovery requests was substantially justified and that the expenses the Walkers' seek are not reasonable.  The Walkers dispute Segway's arguments of substantial justification and provide further support for the requested award.

---

[2]The Walkers' initially sought $22,250.70 for expenses incurred in filing and supporting the motion to compel.  In their reply to Segway's objection to the motion, the Walkers' increased the amount to $23,360.00 to include the additional costs of filing the reply and responding to Segway's motion for partial reconsideration of the order granting the Walkers' motion to compel and also reflects the attorneys' reduced hourly rates.

A.  Substantial Justification

        The Walkers moved to compel Segway to produce information in
response to eleven requests for all documents related to
incidents that involved Segway HTs and Segway's procedures for
documenting and investigating incidents.  Segway had responded to
those requests for production with boilerplate objections and had
not produced the requested documents.  In its objection to the
motion to compel, Segway argued that information about other
incidents was not relevant to the Walkers' claims and that the
information was protected by the attorney work product doctrine.

        Substantial justification exists if the party's "position
'has a reasonable basis in law and fact' . . . or, stated another
way, [if] 'a reasonable person could think it correct.'"
Dantran, Inc. v. U.S. Dept. of Labor, 246 F.3d 36, 40-41 (1st
Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2
(1988)); see also Josendis v. Wall to Wall Residence Repairs,
Inc., 662 F.3d 1292, 1314 (11th Cir. 2011); Aronov v. Napolitano,
562 F.3d 84, 94 (1st Cir. 2009).  "The burden is on the party
facing sanctions to prove that its violation was substantially
justified."  Council for Tribal Emp't Rights v. United States,
110 Fed. Cl. 244, 249 (Fed. Cl. 2013); Davis v. Jacob S.
Ciborowski Family Tr., 2012 WL 5904816, at *1 (D.N.H. Nov. 26,
2012).

3

1.  Relevance

As explained in the order granting the Walkers' motion to
compel and the order denying Segway's motion for partial
reconsideration, generally information is discoverable if it
"appears reasonably calculated to lead to the discovery of
admissible evidence."  Fed. R. Civ. P. 26(b)(1).  In contrast,
evidence of other incidents is relevant and admissible at trial
if the proponent can show that the other incidents occurred in
circumstances that are substantially similar to the incident in
question.  Downey v. Bob's Discount Furniture Holdings, Inc., 633
F.3d 1, 9 (1st Cir. 2011); Moulton v. Rival Co., 116 F.3d 22, 26-
27 (1st Cir. 1997).  Therefore, a party can discover information
that will not necessarily meet the relevance standard for
purposes of admissibility at trial as long as the information
sought is reasonably calculated to lead to relevant evidence.

The Walkers sought information about other incidents
involving Segway HTs.  Specifically, eight of the disputed
requests asked for all documents related to or that documented
certain problems which occurred while Segway HTs were being used.
Segway argued in opposition to the motion that it objected to
providing documents and information "solely to facilitate [the
Walkers' expert's] irrelevant and prejudicial hazard
analysis/index" and that none of the other incidents was

4

"substantially similar" to Mr. Walker's accident.  Although Segway acknowledged that at least some of the other incidents involving Segway HTs would fall within its limited view of relevance, Segway failed to produce the documents related to those incidents.  The court concluded that Segway's limited view of relevance was not appropriate for purposes of discovery and that Segway had not shown that the distinguishing features it raised precluded the discovery sought by the Walkers.

In its opposition to the motion for fees, Segway argues that its position in opposing the Walkers' discovery requests on the basis of relevance is supported by the resolution of discovery disputes in three other cases involving Segway, which is the argument Segway raised in its motion for partial reconsideration.  Segway's motion for partial reconsideration has been denied.  The decisions on discovery disputes in other cases involving Segway do not demonstrate that Segway's position here was substantially justified.

2.  Work Product Doctrine

Segway also argues that it was substantially justified in objecting to production of documents related to other incidents

5

based on the work product doctrine.[3]  The court concluded, however, that the requested documents were not protected by the work product doctrine under the standard provided by United States v. Textron, Inc., 577 F.3d 21, 29-31 (1st Cir. 2009). Segway, nevertheless, argues that its position was supported by the dissent in Textron and by cases from other jurisdictions. Segway's position was not substantially justified, given the controlling precedent in the First Circuit.

Therefore, Segway has not shown that its position in opposing the Walkers' discovery requests was substantially justified.

B.  Reasonable Fees and Expenses

The Walkers move for an award of $23,360.00 in fees and other expenses to cover the legal services provided in compelling Segway to produce the documents requested in discovery.  Segway objects on the grounds that some of the hourly rates are unreasonable, that the time charged is excessive, and that time

---

[3]On the issue of work product protection, Segway attempts to incorporate its motion for partial reconsideration into its objection to the Walkers' motion for reasonable expenses. Incorporation of separate filings by reference does not comply with Local Rule 7.1(a).  Further, as noted above, Segway's motion for partial reconsideration has been denied and, therefore, does not support Segway's objection to the motion for reasonable expenses.

and expenses for the depositions of Roxanne Lamonde and Jane
Davison are not reasonable because those depositions served
purposes other than the motion to compel.  In their reply, the
Walkers address the issues that Segway raises.

Courts generally use the lodestar method to calculate an
award of reasonable fees under Rule 37(a)(5), as in other fee
shifting contexts.  See Centennial Archaeology, Inc. v. AECOM,
Inc., 688 F.3d 673, 679-80 (10th Cir. 2012); Smith v. Atlanta
Postal Credit Union, 350 Fed. Appx. 347, 349-50 (11th Cir. 2009);
Ceglia v. Zuckerberg, 2013 WL 2535849, at *3-*4 (W.D.N.Y. June
10, 2013); Davis, 2012 WL 5904816, at *2 (D.N.H. Nov. 26, 2012).
"Under the lodestar method, a court determines a fee award by
multiplying the number of hours productively spent by a
reasonable hourly rate to calculate a base figure."  In re
Sullivan, 674 D.3d 65, 69 (1st Cir. 2012).  The base lodestar
amount may be adjusted, in appropriate cases, "based on several
different factors, including the results obtained, and the time
and labor required for the efficacious handling of the matter."
DeJesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir.
2009).  "The obligation to support both the time and rate
components rests with the party seeking the award . . . ."
Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir. 2011).

The Walkers are represented by Mark E. Venardi, of the Venardi Law Firm in San Francisco, California.  Jamie Holian is an associate in the Venardi Law Firm who is also working on the case.  Ronald E. Cook of Ransmeier & Spellman, P.C., in Concord, New Hampshire, is serving as local counsel, and an associate in his firm, Michael Malaguti, is working on the case.  Susan H. Low is a paralegal in the Ransmeier firm who is also working on the case.

    1.   Hours Productively Spent

Hours productively spent do not include "time spent on unnecessary, duplicative, or overworked tasks."  Sullivan, 674 F.3d at 69.  However, "there is no mathematically precise formula for staffing complex litigation."  Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 15 (1st Cir. 2011).  In addition, the lodestar calculation is intended to be flexible and does not impose any particular way to determine the number of productive hours spent.  Sullivan, 674 F.3d at 69.

     The Walkers seek fees for 19.4 hours spent by Venardi, 59.7 hours spent by Holian, 11 hours spent by Cook, 1.75 hours spent by Malaguti, and 1.25 hours spent by Low.  In total, the Walkers seek fees for 93.1 hours of time spent on the motion to compel and the Walkers' response to Segway's motion for partial

reconsideration. Segway argues that the time claimed for the depositions of Jane Davison and Roxanne Lamonde should not be reimbursed because the depositions "were not solely related to this discovery dispute." Segway also argues that the time claimed is excessive.

    a. <u>Depositions</u>

Davison's deposition was taken on November 7, 2012, and Lamonde's deposition was taken on November 8, 2012. The chronology provided in support of the motion to compel shows that at the time of the depositions the parties were engaged in the dispute over the Walkers' request for documents related to other incidents. The Walkers state that the depositions of Davison and Lamonde were necessary to determine what documents about other incidents had been withheld. Davison testified about Segway's "Incident Response Team" and the information compiled by the Team and explained the Consumer Product Safety Commission reporting requirements. Lamonde testified about her function as a member of the Incident Response Team and about how the records of other incidents are kept and evaluated.

The testimony of Davison and Lamonde was essential to show that Segway has information about other incidents and that the work product doctrine does not protect the information about

other incidents that has been compiled by the Incident Response
Team.  While the deposition testimony may also be pertinent to
other issues in the case, Segway provides no authority to support
its assertion that the expense of the depositions cannot be
awarded here because the depositions were not taken solely for
the discovery dispute.  The depositions were sufficiently
necessary to the discovery dispute to support an award of the
related expenses.

     b.  <u>Excessive Time</u>

    Segway also argues that the time claimed is excessive
because of the amount of time spent editing, revising, and
reviewing by Venardi and Holian.  Specifically, Segway states
that Holian's time includes 10 hours for editing and revising and
that Venardi then spent 10 hours revising Holian's work.
Although the Walkers contend that their attorneys provided
"quality and thoughtful work product, not excessive or
duplicative work," the billing records support Segway's
objection.

    For example, in February, Holian spent 13.8 hours drafting
the motion to compel and spent 2.4 additional hours reviewing and
revising the motion.  Venardi spent .5 hours reviewing the draft
motion and sending the draft to counsel for Segway.  Holian then

spent 4.80 hours on more revisions to the motion, and Venardi
spend 2.90 hours reviewing and editing the revised motion before
it was filed.  In March, Holian began work on the Walkers' reply
to Segway's objection to the motion to compel and spent 12 hours
on that work.  Venardi spent .90 hours reviewing the reply draft.
Holian used 2 hours to revise the reply, and Venardi spent 1.5
hours reviewing and finalizing the reply.

In total, Holian spent 21 hours on the motion to compel, and
Venardi spent 3.4 hours reviewing and revising Holian's work.  A
similar review process went into preparing the reply which
required 16.4 hours of work.  The amount of time spent preparing,
reviewing, and revising the motion and reply may well reflect
careful work, but Segway's objection that the hours are excessive
is also well taken.  See, e.g., Davis, 2012 WL 5904816, at *3.
Therefore, Holian's hours are reduced by 10 hours.  Segway does
not object to the time billed by Cook and Malaguti, and their
time appears to be reasonable.

2.  Reasonable Hourly Rates

"[R]easonable hourly rates will vary depending on the nature
of the work, the locality in which it is performed, the
qualifications of the lawyers, and other criteria."  Hutchinson,
636 F.3d at 16.  "When a party recruits counsel from outside the

11

vicinage of the forum court, that court may deem the 'relevant community' to be the community in which the lawyer maintains his or her principal office." United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 40 (1st Cir. 2008).  The rate that private counsel charges for his services "while not conclusive, is a reliable indicium of market value."  Id. at 41.

In his affidavit, Venardi states that he practices in San Francisco, California; that he is a member of the California bar; that he has eighteen years of experience; and that his practice includes complex personal injury and products liability cases including a prior case against Segway.  Venardi's ordinary billing rate is $450 per hour, but for purposes of the motion for an award of fees, he has reduced his rate to $375 per hour. Holian, who works with Venardi in San Francisco, has six years of experience and ordinarily charges an hourly rate of $275.  For purposes of this motion, Holian has reduced his rate to $225.

Local counsel, Cook, practices in Concord, New Hampshire, and has forty-one years of experience.  His hourly rate is $200. Malaguti, an associate in Cook's firm, has two years of experience and bills at an hourly rate of $180.  Segway does not challenge the rates charged by Cook and Malaguti.

Segway challenges Venardi's billing rate at $450 per hour and Holian's rate at $275 per hour, which were the rates used in

the motion for an award of expenses.  In the reply, however, Venardi and Holian reduced their rates and submitted an amended request for an award of expenses.  Although this case is being litigated in Concord, New Hampshire, and the rates charged by Venardi and Holian are higher generally than rates charged in this area, their expertise in the subject matter of the case warrants their representation here, making San Francisco the relevant locality for hourly rates.  The Walkers provided sufficient support for the billing rates charged by Venardi and Holian, based on the San Franciso area and their levels of experience.

     3.  <u>Other Expenses</u>

The Walkers also seek reimbursement for the costs incurred in taking  the depositions of Jane Davison and Roxanne Lamonde and the expert fee paid to their expert witness, William Singhose, Ph.D., to discuss matters related to the motion to compel and to provide a declaration in support of the motion. Those costs are $795.70 for the depositions and $150.00 for Dr. Singhose's work.  Segway objects to the costs associated with the depositions on the ground that the depositions "were not solely related to this discovery dispute."

13

As is explained above in the context of the time billed, the depositions were sufficiently necessary for the motion to compel to support an award of associated expenses.  Dr. Singhose's declaration was prepared to support the motion to compel, and Segway does not challenge that amount.  Therefore, the costs incurred for the depositions and for Dr. Singhose's deposition will be included in the award under Rule 37(a)(5)(A).

C.  Award of Reasonable Expenses

The fees for legal services are calculated as follows:

| Mark Venardi | 19.4 hours | at $375.00 per hour |
| Jamie Holian | 48.7 hours | at $225.00 per hour |
| Ronald Cook | 11 hours | at $200.00 per hour |
| Michael Malaguti | 1.75 hours | at $180.00 per hour |
| Susan Low | 1.25 hours | at $110.00 per hour |

The amount of fees awarded is $20,885.00.  The amount of costs for depositions and expert witness costs is $945.70.  The total amount of reasonable expenses, including attorneys' fees awarded is $21,830.70.

The award of expenses shall be paid by Segway.

14

Conclusion

For the foregoing reasons, the plaintiffs' motion for expenses (document no. 31) is granted.

The defendant shall pay $21,830.70 to the plaintiffs.

Document 31 is unsealed.

It is unfortunate that this discovery dispute consumed significant time and resources of the parties and the court which could have otherwise been spent advancing case preparation and resolution.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 15, 2013

cc:  Ronald E. Cook, Esquire
     Ralph Suozzo, Esquire
     Mark Venardi, Esquire